## The People *vs.* Alexander Townsey.

The act of 1845 relating to excise, (*Stat.* 1845, *p.* 322,) did not repeal the provisions of the revised statutes making it penal and indictable to sell strong and spirituous liquors without a licence, in the towns where the electors had voted against licences.

An indictment for selling liquor without licence, found while the act of 1845 was in force, containing the averments essential to an indictment under the revised statutes, is good, though it also allege that the electors of the town had voted against licences, the last mentioned averment being surplusage.

Held also, that the repeal of the act of 1845, pending the prosecution of such an indictment, did not affect the proceeding.

CERTIORARI to the general sessions of Kings county. Townsey was indicted in the court below for a misdemeanor in selling strong and spirituous liquors and wines. The first count in the indictment, upon which alone the conviction was had, was as follows: "that on the 3d day of May, 1846, a majority of the electors of the city of Brooklyn in said county of Kings present and voting, did in pursuance of an act of the legislature of the state of New-York, entitled 'An act relating to excise

The People *v.* Townsey.

and to licencing retailers of intoxicating liquors,' passed May 14, 1845, and of an act entitled 'An act to amend an act entitled an act relating to excise and to licencing retailers of intoxicating liquors,' passed February 16, 1846, cast their votes for ' no licence,' whereby it became and thereupon was from thenceforward unlawful for the board of excise of the said city of Brooklyn to grant to any person whatever any licence to sell intoxicating or spirituous liquors or wines in said city of Brooklyn until said determination of said electors shall have been reversed in the manner in the said acts mentioned and provided for, and that said determination of the said electors hath not been in any manner reversed, but remains in full force. And the jurors aforesaid, &c. do further present, that Alexander Townsey, of, &c. afterwards, to wit, on the first day of July, 1846, at, &c. without being licenced or permitted by the commissioners of excise of the said city of Brooklyn, to sell strong and spirituous liquors and wines to be drank in his house, did sell by retail to divers citizens of the state and to divers persons to the jurors unknown, strong and spirituous liquors and wines, to wit: one pint of wine, one pint of brandy, one pint of gin, one pint of rum, one pint of whisky, one pint of cordial, one pint of bitters, to be drank in the house, shop, out-house, yard and garden appertaining thereto, of the said Alexander Townsey, and did suffer such liquors and wines sold by him, under his direction or authority, to be drank in his house, shop, out-house, yard and garden, in contempt of the people of the state of New-York, against the form of the statute in such case made and provided, and against the peace of the people of the state of New-York and their dignity." The defendant pleaded not guilty.

The prosecution proved that at the election in May, 1846, a majority of the votes of the city of Brooklyn were given for " no licence," and then gave evidence tending to show that the defendant had, after that time, sold spirituous liquors and wine by the small measure to be drank in his house. It appeared that he kept a house of entertainment. The defendant's counsel took sundry objections to a conviction, similar to those urged

on the argument here; but the court refused to interfere to arrest the trial, and the case was finally submitted to the jury, who found the defendant guilty. The defendant took a bill of exceptions.

*J. R. Whiting & George Wood,* for the defendant.

*A. Campbell,* (district attorney,) and *J. M. Van Cott,* for the people.

*By the Court,* WHITTLESEY, J.   Upon the argument here, the defendant's counsel made the following points, which seem to be properly raised by his bill of exceptions: 1. That the act relating to excise, passed in 1845, (*Stat.* 1845, *p.* 322,) as to those towns where the majority of the votes was for "no licence," was a repeal by implication of the provisions of the revised statutes making the sale of liquor without licence a misdemeanor.   The provisions of the act of 1845, it is said, are repugnant to or inconsistent with the enactments of the former law.   2. That the indictment is framed under the act of 1845; and that act being repealed without any saving clause in 1847, (*Stat.* 1847, *p.* 305,) the prosecution must fall.   3. That the offence created by the act of 1845 is not indictable.   It is punishable, as is insisted, only by suit for the penalty.

If the conviction is under the act of 1845, it is clear that the offence is extinguished by the repeal of the statute, and the indictment cannot be further prosecuted.   Indeed the contrary of this is not contended for by the counsel for the prosecution.   The principle is well settled upon authority. (*Butler* v. *Palmer,* 1 *Hill,* 324, 331.) (*a*)

If the act of 1845, as to the towns in which it is operative by the prevailing vote of "no licence," is a repeal by implication of the excise law of 1830, then this conviction could only have

---

(*a*) And see *Yeaton* v. *The United States,* (5 *Cranch,* 281, 283;) *The Schooner Rachel* v. *The Same.* (6 *id.* 329;) *The United States* v. *Passmore,* (4 *Dall.* 372;) *Lewis* v. *Foster,* (1 *N. Hamp.* 61;) *Palmer* v. *Conly,* (4 *Denio,* 377, *note b.*)

The People *v.* Townsey.

been under the act of 1845, and that being repealed, as before men-tioned, the effect is to annul the proceedings on this indictment. An examination of these different laws is therefore necessary. Title 9 of chapter 20, part first, of the revised statutes, relates to excise and the regulations of taverns and groceries. (1 *R. S.* 677.) It declares who shall be commissioners of excise, in the several towns, and gives them discretionary power to grant licences to innkeepers, &c. to sell strong and spirituous liquor and wines to be drunk in their houses, and to grocers to sell such liquors and wines in quantities less than five gallons, but not to be drank in their houses or about their premises. (§§ 1, 4.) It then gives a penalty of $25 for selling any strong or spirituous liquors, or any wines, in any quantity less than five gallons at a time, without having a licence therefor, (§ 15 ;) and a like penalty for selling any such liquors or wines to be drank in the house, &c. without having obtained a licence as a tavern-keeper. (§ 16.) Other penalties are given in various sections to punish evil conduct in tavern-keepers and grocers. The penalties are to be sued for and recovered by the overseers of the poor of the town, except where special provision is made. (§ 19.) All offences against the provisions of this title are made misde-meanors, punishable by fine and imprisonment. (§ 28.)

The act of 1845 enables the electors of each town to deter-mine by their votes whether the discretionary power, vested by the revised statutes in the commissioners of excise, to grant licences to grocers and tavern-keepers, shall be exercised in such town or not. If a majority of the electors vote "licence," then the power remains with the commissioners of excise, as before; and the title of the revised statutes is unaltered. If a majority of the electors vote for "no licence," the discretionary power which the revised statutes gave to the boards of excise is wholly taken away, and they are prohibited from granting any such licence. (§ 3.) If the act had stopped here, the con-sequence would have been that so much of title nine as gives power to, or authorizes the boards of excise to grant licences, would have been repealed or suspended *quoad* such town. The boards of excise could not have granted any license, and all the

provisions for the regulation of grocers and tavern-keepers after being licenced would have been simply inapplicable and useless. There could have been no licenced grocers or tavern-keepers to which they could apply. The provisions of title nine, prohibiting the sale of liquors, and all the consequences of violating those provisions, would have remained vital and unaffected, in full force and operation, and the consequence would have been that every one who sold liquors in such town in quantities less than five gallons at one time would have been liable to a penalty of $25 under the 15th section, and to an indictment as for a misdemeanor under the 28th section of that title. The selling liquor to be drank in the house, &c. would have been a useless qualification of the offence, or one which it would have been unnecessary to take notice of, as the simple act of selling would of itself constitute the offence. It seems to me that this is precisely, or nearly, the result at which the legislature intended to arrive by the passage of the act; and, fearing that they had not indicated such intention with sufficient clearness, they inserted the 5th section of the act of 1845, to make such intention more apparent. By that section they declare that when the electors shall have thus determined that no licence shall be granted, whoever shall sell by *retail* any *intoxicating* or spirituous liquors or wines shall be liable to all the penalties imposed by the title of the revised statutes to which I have referred, for selling spirituous liquors or wines without a licence. It seems thus in effect to say that though the said title is repealed or suspended as to the power to licence, it is not to be considered repealed or suspended as to the prohibition to sell without a licence, but leaves that the same offence, and punishable in the same manner as before. The section uses the phrase selling *by retail*, instead of selling in quantities less than five gallons as used in the revised statutes, and it uses *intoxicating* or spirituous liquors, instead of *strong* or spirituous liquors.

This statute can hardly be said to create a new offence. Selling by retail is quite indefinite, but it is generally understood to mean selling in quantities less than five gallons, as the old

The People *v.* Townsey.

law defined it. . It may be that the prohibition of the sale of *intoxicating* liquors may extend to cider and other drinks expressly excepted by the former excise law, (1 *R. S.* 682, § 29,) and so far create a new offence; but as to the sale of liquors denominated spirituous, the revised statutes, with their prohibitions, their penalties and their punishments were intended by this act to be kept in force. In regard to the sale of spirituous liquors, the act of 1845 operates as a sort of sliding scale upon the old excise law, in one contingency leaving more and in another less of the old law operative; but the law that is operative, whether more or less, is that of 1830. If this construction of the act of 1845 is correct, it disposes of the questions discussed by the counsel for the defendant. The offence, the indictment and the mode of punishment must be those prescribed by the revised statutes; and no offence would be annihilated by the repeal of the act of 1845, unless for selling cider and other similar liquors not included in the prohibitions of the revised statutes, which is not the offence now under consideration.

If however I am wrong in this construction, and the act of 1845 is deemed to create a new offence of selling by retail intoxicating or spirituous liquors or wines, it does not seem to me that it is so inconsistent with the provisions of title nine in regard to the offences created by that title as to operate entirely to repeal it. The chief purpose of the act of 1845 was to enable the towns to determine for themselves whether licences to sell ardent spirits in such towns should continue to be granted. If licences were not allowed, it was evidently the intention of the legislature to punish the sale without licence. The old law did that by making certain acts of sale offences. If the new law created a new offence of a similar character, it is not so inconsistent with the former enactment as to amount to a repeal of it, and where there is not a clear intention to substitute one act for another both must be maintained.

The count upon which the defendant is convicted contains a statement in regard to the licence election in the city of Brooklyn; and it charges the defendant with selling by *retail* (a word used only in the act of 1845) *strong* and spirituous liquors

and wines, the latter being the words in the revised statutes. The count does not conform itself to the language of either act, but it contains all the facts necessary to be averred in a count under the revised statutes and something more. The additional matters may be disregarded, as surplusage. This was so held in *Hodgman* v. *The People*, (4 *Denio*, 235.) The count being thus shown to be good under provisions on this subject in the revised statutes, and those provisions not having been superseded by the act of 1845, the repeal of that act has no influence upon the case. It is unnecessary to inquire whether an indictment could be sustained under the act of 1845. That question was passed upon in *Hodgman* v. *The People*, but it was not necessary to the decision of the case. Owing to its having received but a slight consideration it has been again raised in this case, but, as before remarked, it is not necessary to consider it. The application for a new trial must be denied.

