## Van Rensselaer *vs.* Snyder.

By a perpetual lease in fee, executed in 1794, reserving an annual rent, the lessee covenanted to pay the rent on the 1st day of January of every year, and it was provided that if such rent remained unpaid for the space of 28 days, the lessor might prosecute to recover the same, or might collect it by distress and sale; and that *if no sufficient distress could be found on the premises, to satisfy such rent due and in arrear, or if either of the covenants therein before contained, &c. should not be performed, fulfilled and kept*, or should be broken, then it should be lawful for the lessor to re-enter, &c. *Held* that the lease did not make a proceeding by distress a condition precedent to the right of re-entry, and that there was neither an implied nor an express agreement between the parties that the landlord should not re-enter if a sufficient distress could be found upon the demised premises.

*Held also*, that under the stipulation in the lease, allowing the landlord to re-enter if any covenant was broken, he had a right at common law to proceed, without regard to the question of a sufficiency of distress. And that under that provision it was competent for the legislature to alter the common law proceeding, or to prescribe an additional mode of re-entry.

*Held further*, that there was nothing in the third section of the act of May 13, 1846, to abolish distress for rent, &c. changing in any respect the contract contained in the lease. That the effect of that section was, instead of changing the proceeding at common law, to give a new remedy, as a compensation for the abolishing of distress for rent by the first section of the act.

The provisions of the revised statutes on the subject of ejectment for non-payment of rent, are not repealed by the act of May 13, 1846. A landlord may still re-enter, when there is not enough personal property on the demised premises to satisfy the rent.

He may also, it *seems*, still re-enter at common law, or he may proceed under the third section of the act of May, 1846.

The repeal of a statute, by implication, is not favored; but courts are bound to uphold the prior law, if the two acts may well subsist together.

The rule of construction is that the earliest act remains in force, unless the two acts are inconsistent with, and repugnant to, each other.

The service upon the tenant, of the notice required by the act of May 13, 1846, is the only pre-requisite to the right of re-entry under the statute. Such notice was not intended to be in addition to the formalities of the common law proceeding.

THIS was an action of ejectment for the non-payment of rent, brought to recover about eighty acres of lot No. 133, in the town of Rensselaerville, in the manor of Rensselearwyck. The cause was tried at the Albany circuit in February, 1849, before Parker, justice. It appeared on the trial that the whole of lot No. 133 was leased to one Benjamin B. Decker, by the late Stephen Van Rensselaer, on the 18th of December, 1794, by a perpetual lease in fee, by which was reserved, among other things, an annual rent of 22½ bushels of wheat and four fat fowls, and one day's service with carriage and horses. Said rent was payable on the first of January of every year, at the mansion house of the lessor, unless a special direction should be given for its payment at some other place not more than a mile distant from said mansion house. The right to distrain for rent which had remained unpaid 28 days was reserved by the lease, which contained also the following condition: "And provided further, and these presents, and every thing herein contained, are upon this express condition, that if it should at any time happen that no sufficient distress can be found upon the premises, to satisfy such rent due and in arrear as aforesaid, or if either of the covenants and conditions herein before contained, on the part of the said party of the second part, his heirs and assigns, to be performed, fulfilled and kept, shall be broken, that then and in each and every such case, from thenceforth and at all times thereafter it shall and may be lawful to and for the said Stephen

Van Rensselaer, his heirs and assigns, or any of them, into the whole of the said hereby granted premises, and into any and every part thereof, to re-enter, and the same as his and their forever estate to have again, repossess and enjoy, and the said party of the second part, his heirs and assigns, thereout and from thence utterly to expel, put out and remove, and that from and immediately upon such entry made, by the said Stephen Van Rensselaer, his heirs or assigns, these presents, and every thing herein contained, shall cease, determine and become void and of no effect," &c.

It was proved that the plaintiff had succeeded to the right and title of the lessor, and that the defendant was in possession of 80 acres of the lot; and that the rent on the whole lot from January, 1840 to January, 1846, amounting to $183,68, was due and unpaid. The plaintiff also proved that a notice of which the following is a copy, was duly served on the defendant on the 17th of June, 1846:

"To Peter B. Snyder:

Take notice that I intend to re-enter on the land situate in the now town of Rensselaerville in the county of Albany, demised by Stephen Van Rensselaer, late of the town of Watervliet, now deceased, to Benjamin B. Decker, and of a part or the whole of which you have possession, unless the arrears of rent now due thereon shall be paid within fifteen days after the service of this notice. Dated this eleventh day of June, 1846.

Witness, Robert H. Murphy.        S. V. RENSSELAER."

The testimony here closed; and the counsel for the defendant moved for a nonsuit, on the following grounds : 1. That the act entitled "an act to abolish distress for rent and for other purposes," passed May 13, 1846, so far as relates to re-entry, is unconstitutional and void. 2. That the notice served was defective, in not showing a demand of rent and of the amount due. The judge refused to nonsuit, and the jury, under the direction of the judge, found a verdict for the plaintiff.

The defendant moved to set aside the verdict, and for a new trial, on a bill of exceptions.

*C. M. Jenkins,* for the plaintiff.

*A. Taber,* for the defendant.

*By the Court,* PARKER, J.　Before proceeding to examine the legal effect, on the rights of these parties, of the act entitled "an act to abolish distress for rent and for other purposes," passed May 13, 1846, it is necessary to understand clearly in what cases the plaintiff might have re-entered, before that act was passed.

By the lease in question the lessee covenanted to pay the rent on the 1st day of January of every year, and it was provided that if such rent remained unpaid for the space of 28 days, the lessor might prosecute to recover the same, or might collect it by distress and sale ; and the further express condition was added that *if no sufficient distress could be found on the premises to satisfy such rent due and in arrear as aforesaid, or if either of the covenants therein before contained, &c. &c. should not be performed, fulfilled and kept,* or should be broken, then and in each and every such case, from thenceforth and at all times thereafter it should be lawful for the lessor to re-enter, &c.

Under these provisions ejectment might be brought in two cases, viz. : 1. When the rent had remained due 28 days and no sufficient distress could be found upon the premises ; and 2. When either of the lessee's covenants should be broken ; and one of them was the payment of rent, when due.　Under the first provision the proceedings in ejectment were regulated by statute, (2 *R. S.* 597,) which enacted that whenever any half year's rent, or more, should be in arrear from any tenant to his landlord, and no sufficient distress could be found on the premises to satisfy the rent due, if the landlord had a subsisting right by law to re-enter for the non-payment of such rent, he might bring an action of ejectment for the recovery of the possession of the demised premises.　In such an action it was not necessary to prove any demand of rent ; the statute having declared that the service of the declaration should stand instead of a demand of the rent in arrear, and of a re-entry on the demised premises.

Van Rensselaer *v.* Snyder.

This statute was applicable not only to leases like that now before the court, in which it was expressly provided that the landlord might re-enter *if no sufficient distress conld be found upon the premises,* but also to other leases that did not contain that clause, provided the landlord had by such lease a subsisting right to re-enter for the non-payment of rent. That is, the landlord might avail himself of the statute remedy in all such cases, if in fact no sufficient distress could be found on the premises, though nothing was said in the lease about a sufficiency of distress.

The second remedy above mentioned was by a re-entry at common law. This was a proceeding requiring great care and nicety. To avail himself of it, it was necessary that the landlord, either in person or by his attorney duly authorized, on the same day upon which the rent became due, at the place where the rent was made payable by the lease, or if no place was mentioned in the lease, then at the most notorious place on the demised premises, which, if there was a dwelling house, should be at the front door thereof, should make demand of the exact amount of rent due. Such demand was required to be made at a convenient time before sunset, so that the money might be counted before night. (*Duppa* v. *Mayo,* 1 *Saund. Rep.* 287, n. 16. 1 *Leon.* 305. *Cro. Eliz.* 209. *Co. Litt.* 202. *Plow.* 172. *Chin's case,* 10 *Rep.* 129, *a. Tinkler* v. *Prentice,* 4 *Taunt.* 555. 4 *Leon.* 180. *Doe* v. *Wandless,* 7 *Durn. & E.* 117. *Archb. Land. and Ten.* 161. *Van Rensselaer* v. *Jewett,* 2 *Comst. Rep.* 147.) This proceeding to re-enter at common law had no reference to the value of the personal property on the premises. If the forfeiture was incurred by a failure to pay the rent on the day it became due, the landlord, by strictly pursuing the common law practice, might recover the possession, notwithstanding there might be a sufficient distress from which the rent might have been collected. These different remedies were fully recognized by the court of appeals in *Van Rensselaer* v. *Jewett,* (2 *Comst.* 141,) in which an action at common law was brought upon a lease like that now bofore the court. (*Jackson* v. *Collins,* 11 *John.* 1.)

The counsel for the defendant argued this cause upon the as-

sumption that by the lease under consideration there was an implied if not an express agreement that the landlord should not re-enter if a sufficient distress could be found upon the demised premises. The view I have presented of the legal rights of the parties shows that there is no ground for such an assumption. The lease did not make a proceeding by distress a condition precedent to re-entry. It contained an express agreement that the landlord might re-enter for want of sufficient distress, but it also went further, and provided generally for a re-entry if any covenant was broken; under which provision, as I have shown, the landlord was always at liberty to proceed, without regard to the question of a sufficiency of distress. Under this general and unlimited provision there can be no doubt but the form and manner of proceeding are entirely within the control of the legislature.

The act of 1846, after abolishing distress for rent, and repealing those sections of the revised statutes which give to the landlord a preference for one year's rent, on an execution levied in favor of a third person, declares as follows : " § 3. Whenever the right of re-entry is reserved and given to a grantor or lessor, in any grant or lease, in default of a sufficiency of goods and chattels whereon to distrain for the satisfaction of any rent due, such re-entry may be made at any time after default in the payment of such rent, provided fifteen days' previous notice of such intention to re-enter, in writing, be given by such grantor or lessor, or his heirs or assigns, to the grantee or lessee, his heirs, executors, administrators or assigns, notwithstanding there may be a sufficiency of goods and chattels on the lands granted and demised, for the satisfaction thereof. The said notice may be served personally on such grantee or lessee, or by leaving it at his dwelling house on the premises."

There is nothing in this section changing in any respect the contract contained in the lease. Under the second clause in question, giving a general authority to re-enter for covenant broken, it was clearly competent for the legislature to alter the common law proceeding, or to prescribe an additional mode of re-entry. If the act of 1846 is to be regarded as furnishing a substitute for the common law re-entry, it is a change of which the lessee

certainly has no reason to complain ; inasmuch as it requires the actual service of fifteen days' notice in writing, instead of a demand at the mansion house of the lessor, where the rent was payable, of which demand the lessee could have no actual notice. But I think it is the effect of the section in question, instead of changing the proceeding at common law, to give a new remedy, as a compensation for the abolishing of distress for rent by the first section : a remedy that the landlord would prefer to the proceeding at common law, as being more simple and safe, and that would also be more beneficial to the tenant, by giving him actual notice of the step intended to be taken. And so it was held in *Williams* v. *Potter*, (2 *Barb. Sup. C. R.* 316.)

The first clause of the condition in the lease is not affected by the act of 1846. The provisions of the revised statutes on the subject of ejectment, for non-payment of rent, are not repealed. The rule of construction is that the earliest act remains in force, unless the two acts are inconsistent with and repugnant to each other. (*Bowen* v. *Lease*, 5 *Hill*, 221. *McCartee* v. *Orphan Asylum Society*, 9 *Cowen*, 437, 506. *Williams* v. *Potter*, 2 *Barb. S. C. R.* 320.) A repeal by implication is not favored ; but courts are bound to uphold the prior law, if the two acts may well subsist together. (*Foster's case*, 11 *Co.* 63. *Weston's case*, *Dyer*, 347. 10 *Mod. Rep.* 118. *Dwarris*, 673, 676, *b.*) The landlord may still re-enter, when there is not enough personal property on the demised premises to satisfy the rent. (*Williams* v. *Potter*, 2 *Barb. S. C. R.* 316.) He may also, I think, still re-enter at common law, or he may proceed under the third section of the act of 1846.

The act of 1846 is made applicable to but a part of those leases, on which the landlord may re-enter under the revised statutes, for the non-payment of rent. It applies only to those in which the right of re-entry "in default of a sufficiency of goods and chattels whereon to distrain, for the satisfaction of any rent due, is *reserved in the lease.*" The proceedings under the revised statutes were applicable to all leases, where a right of re-entry was reserved for non-payment of rent due, if in fact no sufficient distress could be found on the premises. In a large

class of leases nothing is said in the lease about a sufficiency of distress. They are therefore left, subject only to the two remedies previously existing, viz.: that under the revised statutes and the one at common law. The reference made, in the third section of the act of 1846, to leases reserving the right to reenter, in default of a sufficiency of goods and chattels, is merely by way of description, to show to what class of leases the new remedy is made applicable. If the act of 1846 had been in terms made applicable to all cases in which the right of re-entry for non-payment of rent was reserved, like the action given by the revised statutes, it would never, for one moment, have been supposed that it interfered with or varied the contract between the parties.

It was also contended on the argument, by the defendant's counsel, that the service of notice required by the act of 1846, was intended to be in addition to the formalities of the common law proceeding. I think the language of the act will not admit of such a construction. It is that "such re-entry may be made at any time after default in the payment of such rent, provided fifteen days' previous notice," &c. be given. This plainly makes the service of notice the only pre-requisite to re-entry.

I think a new trial should be denied.

New trial denied.

---

SAME TERM.    *Before the same Justices.*