THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK *v.* ROBERT WALKER.

The prohibitory sections of the acts of 1824 and 1827, for levying a duty on strong liquors, and regulating inns and taverns in the city of New York, were not repealed by §§ 2 and 25 of the act, entitled "An act to suppress intemperance," &c., passed April 9, 1855, (session laws of 1855, chap. 231, p. 340,) but remained in force until July 4, 1855.

The ordinance of the Common Council of the city of New York, passed March 20, 1855, for more effectually enforcing the excise laws, does not impose any penalty that can be recovered in a civil action.

As the laws stood at the passage of the statute of 1855, a license to retail spirituous liquors, or a license to keep an inn or tavern, would equally be such a license as the act of 1827 required, to exempt the person licensed from the penalties of that act.

General rules of law controlling the construction of statutes, stated and applied to questions arising in this case.

Where a complaint claimed different penalties, some of which could not be recovered in a civil action, and the only proof was the defendant's admission that he had sold liquor, as stated in the complaint; *held*, that such admission was not sufficient to sustain a judgment for either penalty.

At common law, the sale of spirituous liquors was free.

License laws are not remedial statutes, in such sense as to exempt the penal provisions thereof from the rule requiring a strict construction.

The Mayor, &c., of New York v. Walker.

THIS action grew out of the act known as the prohibitory liquor law, passed on the 9th of April, 1855. The cause was prosecuted to this court upon an appeal of the defendant from a judgment rendered against him in the Fifth District Court, by WILLIAM B. MEECH, Esq., the justice of that district.

The case is stated in the opinion of this court, and there will be found therein full references to the provisions of the various license laws and statutes relating to the sale of spirituous liquors, so far as the same bear upon the points considered by the respective counsel on the argument.

*Theodore E. Tomlinson*, for the defendant.

*John B. Haskin*, (attorney to the corporation,) for the plaintiffs.

BY THE COURT. INGRAHAM, FIRST J.—This action was brought to recover from the defendant several penalties for different offences under the license laws. The complaint contained a charge of selling, by retail, strong and spirituous liquors, in the city of New York, to be drank on the defendant's premises in said city, without being licensed according to law. It also contained a charge of selling strong and spirituous liquors in the city of New York without any license so to do. For the first offence the penalty of twenty-five dollars is claimed, and for the second, of ten dollars for each violation of the law.

The defendant admitted two sales of liquors, as alleged in the complaint, subsequent to the first of May, 1855, and without any other evidence the justice rendered judgment for fifty dollars. Upon this admission, there was not enough to warrant the judgment that was rendered.

The penalty of twenty-five dollars which the court below adjudged the defendant to be liable for, was for a violation of the statute of the state, and the offence consisted in selling by retail strong or spirituous liquors, to be drank upon the premises of the seller. The other offence charged in the

complaint was, for a violation of the ordinance of the Common Council, which provided a penalty of ten dollars for each offence, and the offence was described merely as selling strong and spirituous liquors without any license so to do.

The defendant only admitted two sales of liquors, as alleged in the complaint, subsequent to the first of May, 1855.

There was nothing in this admission that proved the first offence for which the greater penalty was to be imposed.

As well might it be held that a man charged by indictment with two offences of the same nature, but of different degrees as to punishment, who admits that he has committed one of the offences as charged, was guilty of the greater.

To warrant giving judgment in such case on the admission of the defendant, it should be made in such a way as to show which offence has been committed, and to which the defendant intended the admission to apply.

The first offence charged is selling, by retail, strong and spirituous liquors in the city of New York, to be drank on the premises of the seller, without being licensed according to law, in violation of the statute of the state.

The second offence charged is, selling strong and spirituous liquors in the city of New York without any license, in violation of the ordinance of the Common Council of the city

The defendant's admission may be applied to one or the other. If it is to be applied to the latter, the admission does not describe any offence for which a penalty is imposed, either by the statute or by the ordinance.

The recovery can in no event be sustained for the greater penalty. We might, by virtue of our power on appeal, reduce the amount of this judgment to the lesser penalty, if that penalty could be recovered in this action, and it would then only be necessary to decide the question as to the effect of the sections of the act of 1855, now in force, upon the ordinance of the Common Council, imposing the penalty of ten dollars. This would render unnecessary the decision of the question, how far the statutes of 1824 and 1827 are repealed by the act of 1855; but as no recovery can be had for the

penalty imposed by the ordinance of the Common Council, for the reason hereafter stated, and as the counsel have mainly argued this question of repeal as applicable to the statute of the legislature on this subject, we have deemed it best not to omit the examination of it at the present time.

The first act on this subject remaining in part unrepealed is that passed in 1813. (1 R. L. p. 176.) This statute prohibited the sale, by retail, of strong or spirituous liquors without license, and the sale of any strong or spirituous liquors to be drank on the premises of the seller, without license. It was materially amended by the act of 1824.

The second section of the act of 1824 (laws of state of New York, 47th sess. p. 256) prohibited the sale of spirituous liquors by retail, to be drank on the premises of the seller, without license, and made the offence punishable as a misdemeanor, in addition to any penalties prescribed by any previous statute, or by the charter of the city; and the 5th section prohibited such sale in quantities above five gallons, without such license.

Doubts having arisen as to the construction of the 2d section of the act of 1824. The act was amended in 1825, (48th sess. laws, p. 389,) but not in any way material to the question now under consideration, and a new act was passed in 1827, so amending the act that every person who sold by retail in the city of New York, or delivered, in pursuance of such sale, any wine or strong or spirituous liquors, to be drank in his or her house, &c., without being licensed according to law, should forfeit and pay the sum of $25 for every offence.

These were the statutes in force on this subject prior to the passage of the act, " entitled an act to prevent intemperance," &c., passed on the 9th of April, 1855. (Sess. Laws of 1855, chap. 231, p. 340.)

By this act two sections were in operation on the 1st of May, 1855, namely : The second section, which provided for licensing any elector of the city who complied with the provisions of that section, to sell liquors under the restrictions

therein imposed; and the 25th section, which enacted that no license to sell liquor, except as therein provided, should thereafter be granted, and declared that all liquors kept in violation of any provision or provisions of the act should be deemed a public nuisance.

So far as this section declared liquor kept contrary to the statute to be a nuisance, it was inoperative and a nullity, until the 4th of July, 1855, because there was no provision of that law in operation which prohibited, in any way, the keeping of spirituous liquors of any kind; and until those sections went into effect, there could be no liquors kept contrary to those provisions.

We are left, therefore, to decide the simple question, whether the passage, by the legislature, of a law which prohibits the granting of any license to sell liquors as was allowed theretofore, and providing for a new mode of licensing for such purpose, repealed the previous acts of 1824 and 1827.

It is proper here to remark, that in the examination of this question we have nothing to do with the residue of the statute of 1855. There is no part of it in force except the two sections above referred to. There is no repealing clause in effect; and if those acts are repealed, it can only be by implication.

In the examination of this case, also, no point has been made by the defendant's counsel as to the constitutional questions which might arise from the passage of an act totally prohibiting the sale of liquors, which virtually is the case when all licenses for the sale of liquors are taken away. Upon this question, therefore, we express no opinion.

There can be no doubt that before the passage of the license laws, and the provisions on the subject of license in the charters of the city, the traffic in liquors, by the common law, was free; that these statutes are penal statutes, not to be enlarged except by further statutory provisions.

It is conceded, by the argument of the counsel, that no objection existed to the provisions of the license acts previous to the passage of the act of 1855. The object of these acts evi-

The Mayor, &c., of New York v. Walker.

dently was twofold, viz., to lay a duty on the sale of liquor, and to regulate the sale thereof, and the keeping of inns and taverns.

The repeal of the license evidently abolished all that part of those statutes which was intended to produce a revenue. Taking away the license terminated, also, the duty which, by the license system, accrued to the city ; and, therefore, the whole of those acts which were intended as excise laws, ceased to have any force or effect. A penalty imposed to prevent the sale of liquor until the duty imposed by the statute was paid, would become inoperative so soon as the duty itself and the license, which was the mode prescribed for collecting the duty, were abolished.

Laying out of view, then, so much of this statute as relates to the excise, and the means adopted for enforcing the collection of the duty, let us see what remains. The act of 1813 and the act of 1824 contained provisions regulating inns and taverns, and the sale of liquors therein. Those regulations prohibited the sale of liquor to be drank in the house, &c., by the seller without a license either to retail strong liquors, or to keep an inn or tavern. The act of 1824 also contained a prohibition against selling liquor in quantities larger than five gallons, without being licensed according to the provisions of law.

It can hardly be said that the whole of the act of 1824 is repealed. In addition to the power of granting licenses to sell spirituous liquors, the first section contained the power to grant licenses to keep an inn or tavern, public ordinary or victualling house. This latter license is not to sell spirituous liquors, but to keep the inn or tavern. One object of the act, both by its title and its provisions, was to regulate inns and taverns, &c., by putting the same under the control of the public authorities, and by requiring a license to keep them. The 9th section of the act prohibits a keeper of such inn or tavern from permitting riotous conduct on his premises on Sunday, and also prohibits gaming, &c., in such places. On complaint of any violation of these provisions, it author-

izes the taking away of the license. The right to sell liquor by retail in a tavern, depends not on a license to retail liquor, but on a license to keep an inn or tavern. And, to add to these restrictions, the legislature thought proper to regulate and control the sale of liquor by retail to be drank on the premises, by confining such sale to those who should be thus licensed.

The provision in the act of 1855 only prohibits the granting a license to sell liquor after the 1st of May. It in no way prohibits the granting the license for an inn or tavern, and such power still remains unaffected by the act of 1855. The act of 1827 was passed merely for relieving doubt as to the question, whether a penalty could be recovered under the second section of the act of 1824. By this it is provided, that every person who shall sell, by retail, in the city of New York, or deliver, in pursuance of such sale, any liquors, to be drank on his premises, without being licensed according to law, shall forfeit and pay the sum of twenty-five dollars for every offence.

By the term licensed according to law, we are to understand any mode referred to either in that law or other laws on that subject then in force. This, undoubtedly, was the primary meaning, and such was the expression intended by Judge WOODRUFF, in his opinion in the case of *The Mayor* v. *Mason*, decided March term, 1855. (a) But it was not intended in that case to limit the meaning of the term licensed according to law, to such laws as were then in existence, and thereby to exclude any other form of license which the legislature might thereafter prescribe. As the laws stood at the passage of the act of 1855, either a license to retail spirituous liquors or a license to keep an inn or tavern, would be such a license as the act of 1827 required, to exempt the person licensed from the penalties of that act.

We then come to the inquiry, whether the provisions of the act of 1855, now in force, have the effect to repeal the

---

(a) *Ante*, p. 142.

provisions of the previous acts referred to. At the present time no other provisions are in force but the 2d and 25th sections; and in construing them, we are to look at it simply as an act containing those two sections, unconnected with the other provisions, which go into effect on the 4th of July.

There is nothing in those sections intimating any intention to repeal the previous acts. The only section which repeals any other statute is the 24th section. This, at the present time, has no repealing effect; but it does show, by the time fixed at which the section becomes operative, that until the 4th of July, 1855, it was not declared by the legislature that any repeal should take place.

It can only be by implication, then, if at all, that any such repeal can be upheld.

A repeal of a statute by implication is not favored. (Dwarris on Statutes, 674; *Van Rensselaer* v. *Snyder*, 9 Barb. 302. See, also, *Hayes* v. *Simonds*, ib. p. 268.) And statutes are not considered so to be repealed unless the repugnancy between the new and former statutes be plain and unavoidable. (2 Kent's Com. p. 467.)

There can be no such clear repugnancy inferred from these statutes. They can both subsist together without contradiction. The taking away the license in certain cases amounts to a prohibition in that respect, but leaves other portions of the statute in effect, and not changed by the new provisions. I have already referred to some cases of this character, and others might be pointed out where the sections of the act of 1855, now in force, do not at all interfere with them.

It is said that new penalties will be applied after the 4th of July, under the new act, and, therefore, the present laws are repealed. Whether or not such will be the effect of those penalties, when in force, we are not now to inquire. If they are inconsistent, provision is then made for a repeal of the inconsistent parts of the old statutes; but that repeal does not take place until the repealing clauses are in operation.

Besides, it is a general rule in the construction of statutes, that subsequent statutes, which add new penalties and insti-

tute new methods of proceeding, do not repeal former penal-
ties and methods of proceeding, ordained by former statutes,
without negative words to that effect, (Dwarris on Statutes,
674 ; 2 T. R. 365 ; 19 J. R. 248,) unless the incongruity be-
tween the two statutes is such as to make it apparent that
they cannot stand together.  And the same view is taken of
such statutes where the powers under them may well subsist
together.  If they be such that both may stand together,
they shall have a concurrent efficacy.

The case referred to, *Jones* v. *Estis*, 2 J. R. 379, is not
in point.  That was not in favor of repealing a penalty,
which had before been provided by law, but was against an
attempt to apply a penalty where the statute had never
placed it.  And the court held that a penalty could not be
raised by implication.

A question, not dissimilar to the present, arose in the case
of *The People* v. *Townsey*, 5 Denio, 70, where it was con-
tended that the provisions of the Revised Statutes, as to
licenses for the sale of liquors, were repealed by the acts of
1845, giving to the people the right to vote in each town
whether the power to grant licenses, under those statutes,
should be exercised or not by the commissioners of excise.

It was contended that if, in any town, the people voted in
favor of " no license," then the provisions of the Revised
Statutes were virtually repealed.  The court held, that in such
a case the statute would not be repealed, but the consequence
would be that the power to grant licenses for such town
would be suspended or taken away.

It is added :  " The provision prohibiting the sale of liquor,
and all the consequences of violating those provisions, would
have remained vital and unaffected, in full force and opera-
tion, and the consequence would have been that any one who
sold liquors in such town, in quantities less than five gallons
at one time, would have been liable to a penalty of $25, and
to an indictment."  And again it is said :  " If the new law
created a new offence of a similar character, it is not so
inconsistent with the former enactment as to amount to a

repeal of it; and where there is not a clear intention to substitute one act for another, both must be maintained."

This principle is also held in *Williams* v. *Potter*, 2 Barb. S. C. R. p. 316, where it was held that the statute which allowed a re-entry upon demised premises where the rent could not be collected by distress for the rent, was not repealed by the subsequent statute which abolished the right to distrain for rent. Unless the latter statute is manifestly inconsistent with and repugnant to the former, both remain in force. Courts are bound to uphold the prior law if the two may subsist together.

The same doctrine may be found in *Bowen* v. *Leare*, 5 Hill, 225, where it is said: "The invariable rule of construction in respect to the repealing of statutes by implication is, that the earliest act remains in force, unless the two are manifestly inconsistent with and repugnant to each other; or unless, in the latest act, some express notice is taken of the former, plainly indicating an intention to abrogate it." (9 Cow. 506.)

See, also, *Goldson* v. *Buck*, 15 East, 371, where it was held that two acts relating to the same subject, conferring several powers to be exercised for different purposes, might well subsist together, and the former not be repealed by implication. (*Van Rensselaer* v. *Snyder*, 9 Barb. S. C. R. 302; 15 East, 377; 3 T. R. 569.)

I have not referred to the fact, that by the second section of the act of 1855, a new mode of permitting sales of liquor is introduced, which, although not in the old form of licensing, may be considered a statutory license to any elector who complies with the conditions therein required. I see no reason why this is not a sufficient substitute to comply with the requisite of the act of 1827, so as to provide a mode of selling licenses by law, although that mode may differ from the one originally adopted.

The proper mode of construing these statutes is to consider the provisions of the act of 1855, now in force, as incorporated into the previous acts, leaving out the portions which are rendered inoperative thereby. The effect would be to strike

out the provisions for licences to sell spirituous liquors in quantities over five gallons, and to retail spirituous liquors to be drank upon the premises, and to substitute the 2d section of this act, providing for the sale of liquor under the limitations therein prescribed. The other provisions of the act of 1824, and the whole of the act of 1827, would then remain unaffected.

Another rule applicable to the construction of statutes will aid very much in the decision of this question. It is, that the courts should, from the whole scope and object of the statutes, ascertain what the object and intent of the legislature was in passing the later act, and so construe both that the intent of the legislature shall prevail.

There can be no doubt of what that intent was in the passage of the act of 1855. If we look at the portions of the statute not to be in force until July, it is evident that the object and intent was to restrain or limit the sale of intoxicating liquors.

If; however, we only look at the two sections now in operation, the same conclusions will follow, viz., that the legislature intended that no license should be granted to sell liquor by retail after the 1st of May, except in the mode provided by the second section.

No one could rationally conclude that such an act was passed with the intent and for the purpose of making the retail traffic in liquor free and uncontrolled, between the 1st of May and 4th of July, preparatory to the execution of a law which was intended totally to prohibit such traffic.

On the contrary, the only intent that can be inferred from the abolition of the license system on the 1st of May, would be to prevent from that time the continuance of the system as in existence previously, and the substitution in its place of the new mode of selling, as provided for by section second of the new act. If the sale of liquor after the 1st of May was not intended to be prohibited by the provisions of the acts of 1824 and 1827, the provisions of the second section, before referred to, would be useless, and the direction that it should

take effect on the 1st of May would have been an idle provision. If during that period, from the 1st of May to the 4th of July, the legislature intended to repeal all previous restrictions on the sale of liquors, there would be no necessity for providing a mode by which the sale of spirituous liquors for mechanical, medicinal and sacramental purposes could be effected.

There can be but one conclusion as to the intent of the legislature in this matter, and that is, that the restrictive provisions of the acts of 1824 and 1827 should remain unrepealed by the act of 1855.

The other penalty sought to be recovered is under the ordinance of the Mayor, &c., of New York.

There is no ordinance against selling liquor, passed by the Common Council, except that of the 20th March, 1855. The offence charged to have been committed is that of selling strong and spirituous liquors in the city of New York, without any license so to do. This is not prohibited by the ordinance referred to. That ordinance forbids any person from selling, by retail, any strong or spirituous liquors, to be drank on the premises of the seller, and from selling any such liquor to be drank on Sunday.

Besides, there is no penalty given by that ordinance which can be the subject of an action, and recovered therein. The mode of correcting it is pointed out in the ordinance to be by a proceeding before a magistrate, on a complaint, and the fine is to be imposed, on a conviction, by the magistrate; and in default of payment, the offender is to be committed to prison.

It is, therefore, unnecessary to inquire whether the act of 1855, in any way, affects the ordinance of the Common Council. It is sufficient, for this case, to say, that there is no penalty provided by that ordinance for which this action can be maintained.

As to one of the offences, then, charged in this complaint, for which a penalty is sought to be recovered, viz., selling strong and spirituous liquors without a license, I find no pro-

vision, either in the acts of the state or the ordinance of the Common Council, to warrant a recovery.

The sales prohibited by the statute are, 1st. Selling in quantities over five gallons, and without a license. (Act of 1824.)

2d. Selling by retail any strong or spirituous liquors, to be drank on the premises of the seller. (Act of 1824.)

3d. Selling by retail any strong or spirituous liquors, to be drank on the seller's premises. (Act of 1827.)

Whether the sale was over or under five gallons, whether it was by retail or wholesale, whether it was or not sold to be drank on the premises, does not appear in the case; nor does the defendant admit sufficient to bring him within either of the prohibitions.

The admission does not even come within the provisions of the ordinance of the Common Council, and if it did, I have already shown that, under that ordinance, no penalty is recoverable in this form of action.

Our conclusions upon this case then are, 1st. That the prohibitory sections of the acts of 1824 and 1827 are not repealed by the 2d and 25th sections of the act of 1855, previous to the 4th of July, 1855.

2d. That the ordinance of the Common Council, for the more effectual enforcing of the excise laws, does not impose any penalty that can be recovered in this form of action, but must be collected under a criminal proceeding before a magistrate.

3d. That the complaint in this case sets up different offences for which different penalties are to be imposed, and which are to be collected in different modes of proceeding.

4th. That the admission of the defendant that he, on two occasions, made two sales, as alleged in the complaint, is not sufficient to warrant judgment against him for the larger penalty.

5th. That as such admission may apply to the offence charged under the ordinance of the Common Council, upon which no penalty can be recovered by action, the judgment cannot be sustained.

Judgment reversed