[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 401 
It is insisted, on the part of the plaintiff in error, that the indictment is fatally defective for duplicity and repugnancy, because it charges in one count two independent felonies: one, that the prisoner committed the assault with "intent to do bodily harm," and the other, that he committed it "with intent to kill," each of those crimes being in violation of a distinct statute.
The statutes referred to, are the following:
"Every person who shall be convicted of shooting at another, or attempting to discharge any kind of fire-arms, or any air gun, at another, or of any assault and battery upon another, *Page 402 
by means of any deadly weapon, or by such other means or force as was likely to produce death; with the intent to kill, maim, ravish or rob such other person, or in the attempt to commit any burglary, larceny or other felony, or in resisting the execution of any legal process; shall be punished by imprisonment in the state prison for a term not more than ten years." (3 R.S., 5th ed., p. 944, § 38.)
"Any person who, with intent to do bodily harm, and without justifiable or excusable cause, shall hereafter commit any assault upon the person of another with any knife, dirk, dagger, or other sharp, dangerous weapon; or who, without such justifiable or excusable cause, shall shoot off or discharge at another, with intent to injure such other person, any air gun, pistol or other fire-arms, although without intent to kill such other person or to commit any other felony, shall, upon conviction be punished by imprisonment in a state prison for a term not more than five years, or by imprisonment in the county prison for a term not exceeding one year." (3 R.S., 5th ed., p. 970, § 24.)
If the indictment in this case, consisting of a single count, actually charged the defendant with the two offences described in the two sections of the statute above quoted, the objection of duplicity would probably be fatal to it, either in arrest of judgment, or on writ of error. (The People v. Wright, 9 Wend., 196; Reed v. The People, 1 Park., 481; State v.Howe, 1 Richardson, 260.) In Tennessee, it has been held, that an objection for duplicity must be taken by motion or demurrer, and is not available after verdict. (State v. Brown, 8 Humph., 89.) The indictment, however, sets forth but one offence, and that is, an assault with "a deadly weapon," and "with intent to kill." As an indictment under the statute describing this offence, it contains all which is required to make the offence complete. Under the other statute, it would be defective because it is not alleged that the acts were done "without justifiable or excusable cause." These qualifying words being found in the enacting clause of the statute, an indictment would not be good which failed to show that the defendant was not within *Page 403 
their protection. (Rex v. Jarvis, 1 East., 647; Rex v.Earnshaw, 15 id., 456; State v. Morse, 6 Conn., 9; Spiers
v. Parker, 1 T.R., 141; The People v. Allen, 5 Denio, 74.) If it was clear that two offences were intended to be set out in the single count, it might be fatal, although one of them should be set out defectively. (The People v. Wright; Reed v. ThePeople, supra.) But it is obvious that only one offence was designed to be charged in this indictment; and although it contains a single expression not appropriate to the offence charged, and which would have been proper in the description of a kindred offence, it could not have misled the defendant as to the charge he was called upon to answer, and did not render the count defective. Surplusage is as innoxious in criminal, as in civil pleadings. (1 Comst., 379.)
It is objected that the indictment is defective because it does not give the names or number of the grand jurors by whom it was found. It is stated that "a grand jury of good and lawful men in and for said county of Kings was then and there duly impanneled, sworn and charged by said court to inquire into all offences, as required by the statute in such case made and provided," and that by such jurors the indictment was presented. The statute provides that "there shall not be more than twenty-three nor less than sixteen persons sworn on any grand jury" (3 R.S., 5th ed., p. 1015, § 26), and that "no indictment can be found without the concurrence of at least twelve grand jurors." (Id., p. 1017, § 36.) After verdict and judgment, we must regard the allegation in the indictment sufficient as to the number of jurors, as less than sixteen or more than twenty-three would not constitute a legal grand jury. I think we are not at liberty to infer that it was a common-law grand jury, which might comprise only twelve persons, but that it was such a number as would constitute a grand jury under the existing law of this state.
This precise point was decided in Young v. The State ofOhio (6 Ohio, 185; S.C., 6 Ham., 435.) In that State fifteen persons were required to constitute a grand jury, and it could consist of neither more nor less. The record stated, that "the *Page 404 
grand jury impanneled and sworn, in and for the body of the county aforesaid, presented the following indictment against John Young." It was objected, on writ of error, that "it did not appear that fifteen grand jurors, or any number, found or returned the bill." The court say: "The term, grand jury, has a fixed, certain, legal meaning. It is fifteen such men as the law requires, impanneled and sworn as the law prescribes, to inquire in and for the body of the county where they are impanneled. * * * When the record says that `the grand jury' presented the bill, it is a legal grand jury, which consists of fifteen. There is, then, nothing erroneous in the record here."
Most of the writers on criminal law state that the indictment (or rather the caption, which is not a part of the indictment,) should contain the names of the grand jurors by whom the presentment is made, and the usual, but not constant, practice has been to insert them. (Hale's P.C., 167; Hawkins' P.C., book 2, ch. 25, § 126; 1 Saund., 249, note 1; 1 Chit. Cr. L., 333.) Mr. Chitty says: "The names of the jurors are, in cases of treason, inserted, and although there are some precedents which do not specify them, it seems to be settled that the schedule returned to the writ of certiorari with the indictment will be bad without them. But it is quite clear that there is no occasion to set forth the names upon the record in the King's Bench, or to annex them to the indictment; but that in the caption, as it appears in the court, they may be wholly omitted, this being the established practice of the Crown office." (Rex v. Davis, 1 C. P., 470.) In Bacon's Abridgement (Indictment I.), it is said, "some indictments have been quashed for an omission of the names of the jurors; and others for the want of the words, good and lawful men," c. (specifying other like defects); "yet, of late years, exceptions of this kind have not been much favored, especially if the indictment were in a superior court, and that which is omitted be, in common understanding, implied in what is expressed." The necessity of requiring the names of the grand jurors is somewhat reduced by the statute, which limits the grounds of *Page 405 
challenge, by persons charged with crime, to the prosecutor or complainant making the charge, and the witnesses to sustain it. (3 R.S., 5th ed., p. 1016, §§ 27, 28; 1 Chit. Cr. L., 309.) If the objection that the grand jurors are not named in the caption of the indictment is available at all to the defendant, I think it must be presented on motion to quash the indictment or by demurrer (the caption may be demurred to, 1 Ch. Cr. L., 335; Bac. Abr., Indictment K.), and that it is too late to present it upon writ of error after judgment. It was so decided by the House of Lords in England, after taking the opinions of the judges, in the case of The King v. Aylett. The case is reported in a note toThe King v. Marsh, (6 Ad. Ellis, 236; 33 Eng. Com. L., 1st ed., 71), as follows: "The defendant having brought a writ of error, assigned for error the several objections he had made to the indictment on the motion in arrest of judgment; but in the printed `reasons,' and afterwards in the argument, these were abandoned, and a new objection insisted upon, viz.: that the copy of the caption on the record did not contain the names of thepersons on whose oaths the indictment was found. This day Mr. Erskine and Mr. Wood were heard for the defendant, and Mr. Bearcroft and Mr. Cooper for the prosecutor, when the House, after consulting the judges, ordered the judgment to be affirmed." (The King v. Darley, 4 East, 174; The King v.Atkinson, id., 176, note b, Day's ed.; State v. Hickman, 3 Halst., 299.)
In some of the States it does not appear to be the practice to insert the names of the grand jurors. (State v. Brady, 14 Verm., 353; Commonwealth v. James, 1 Pick., 375; Same v.Fisher, 7 Gray, 429; Young v. State of Ohio, supra.)
The only remaining objection is, that the indictment was not "filed" as the statute requires. The words of the statute are: "Indictments found by a grand jury shall be presented by their foreman, in their presence, to the court, and shall be there filed, and remain as public records," c. (3 R.S., 5th ed., p. 1018, § 38.)
There being no words in the statute indicating an intention on the part of the legislature that the indictment should be *Page 406 
void if not so filed, this provision must be regarded as merely directory. (3 Mass., 232; 6 Wend., 486; 6 Hill, 42; id., 646; 3 Denio, 526; 9 Paige, 17; 2 Comst., 134; 1 Burr., 447; Smith's Com. on Stat., §§ 670-680.) I entertain no doubt, therefore, that the indictment would have been valid if it had remained in the hands of the court, not filed. The record, however, shows that the indictment, after its presentment to the court, "was thereupon duly filed with the clerk of said county." The county clerk is, ex officio, clerk of the Court of Sessions (3 R.S., 5th ed., p. 304, § 13). The statute was, therefore, strictly complied with by filing the indictment with him.
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed.