# JOSE AVALO SANCHEZ

## *v.*

# CONCEPCION VEVE Y DIAZ ET AL.

---

San Juan, Law, No. 480.

RETRIAL ON REVERSAL.

Mandate of Supreme Court—Rule 39.

    1. Rule 39 of the Supreme Court of the United States means that mandates shall issue thirty days from the judgment, unless, sometime during the term, the time is enlarged.

Sanchez v. Veve y Diaz.

New Trial—Local Law.

    2. The Federal practice as to new trials is independent of local legislation, and does not apply to retrial of the same case on reversal by the Supreme Court.

Jury—Question of Fact.

    3. Where the Supreme Court sustains certain elements of appellant's contention, and does not render any judgment disposition of the case, the case upon reversal comes back for a retrial by jury.

Opinion filed February 11, 1914.

———

*Messrs. J. R. F. Savage, H. H. Scoville,* and *Hugh R. Francis* for plaintiff.

*Messrs. Hartzell & Rodriguez* and *Mr. Jose A. Poventud* for defendants.

HAMILTON, Judge, delivered the following opinion:

This court on December 24, 1913, made an order declaring this case ripe for a setting for jury trial. On January 3, 1914, the attorneys for the plaintiff filed a motion to revoke the direction for a trial, and in support thereof alleges five grounds, as follows: (1) That the mandate herein was not filed within the time provided by law and the rules in force; (2) that the motion for a new trial of this cause was not made within the time limited by law; (3) that the motion for a new trial of this cause was not based on the provisions of the law in force; (4) that the order of this court granting a new trial of this cause was improvidently made; (5) that the order of this court granting a new trial of this cause was inconsistent with the decision

Sanchez v. Veve y Diaz.

of the Supreme Court herein, and beyond the authority and jurisdiction of this court thereunder.

1. The argument is first made that the mandate of reversal itself is void under Supreme Court rule 39, because not issued during the term at which the judgment was entered. This rule is as follows:

"Mandates shall issue as of course after the expiration of thirty days from the day the judgment or decree is entered, unless the time is enlarged by order of the court, or of a justice thereof when the court is not in session, but during the term." [222 U. S. 40, 56 L. ed. 1304, 32 Sup. Ct. Rep. XIV.]

The argument is that the expression "during the term" refers to the issue of the mandate, but the proper construction of the sentence refers this clause to the exception. That is to say, mandates shall issue thirty days from the judgment, unless, sometime during the term, the time is enlarged. The mandates issued by the Supreme Court show that this is the practical construction of the rule by that court itself.

2. It is contended that the motion for a new trial in this case was not made within the time fixed by law. This goes upon the theory that the Code of Civil Procedure of Porto Rico, §§ 221–225, controls matters of new trial in this court. This, however, is not true. The Federal practice as to new trial is independent of local regulations. Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291, 23 L. ed. 898, 7 Am. Neg. Cas. 331; Newcomb v. Wood, 97 U. S. 581, 24 L. ed. 1085. However, this is not a case of new trial under any rule, whether of Porto Rico or of the Federal district court. It is not a new trial in the technical sense of the word, but a retrial of the same case under the directions of the Supreme Court, which heard

Sanchez v. Veve y Diaz.

and reversed the proceedings below. Under this view of the matter, any time fixed for new trials of cases in a lower court is not material, because these rules are necessarily limited to proceedings of the lower courts themselves, and do not apply to reversals by a higher court.

This would apply also to the third and fourth grounds mentioned above.

3. The view of the court that this case should be retried by a jury is carrying out a proper construction of the reversal of the case in the Supreme Court of the United States. Veve y Diaz v. Sanchez, 226 U. S. 234, 57 L. ed. 201, 33 Sup. Ct. Rep. 36. The case was one in ejectment, tried by a jury under instructions from the judge of this court, and resulted in a verdict for the defendant. Thereupon the plaintiff appealed, and the Supreme Court sustained certain elements of the appellant's contention. The court above did not render any judgment disposing of the case, and probably could not, for the reason that the facts under common-law proceedings must be found by a jury. The 7th Amendment to the Constitution declares that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." Slocum v. New York L. Ins. Co. 228 U. S. 364, 57 L. ed. 879, 33 Sup. Ct. Rep. 523; 3 Foster, Fed. Pr. 2133; Lincoln v. French, 105 U. S. 614–618, 26 L. ed. 1189, 1190; Hudson v. Guestier, 6 Cranch, 281, 3 L. ed. 224.

It follows that the court committed no error in refusing the motion of the defendant, for a dismissal, and in granting the

motion of the plaintiff that the case be set for trial by a jury; and the present motion to review this action is consequently denied.