NEW-YORK,
May, 1832.

The People
v.
Wright.

THE PEOPLE *vs.* WRIGHT.

Where in an *indictment* for *forgery* two distinct offences requiring different punishments are alleged in the same count, as where the forging of a *mortgage* and of a *receipt* endorsed thereon are both charged in the same count, and the defendant be convicted, the judgment will be arrested.

In charging the forgery or felonious alteration of a mortgage, with the intent to defraud the mortgagor, it must be averred that there are in fact such lands as are described in the instrument, and that the mortgagor had an interest or right in the same.

Whether the forging by altering or destroying a *receipt* endorsed upon a mortgage would be adjudged a forgery of the mortgage, *quere.*

INDICTMENT for forgery. The defendant was indicted for forgery, in September, 1831, and tried at the general sessions in *Tompkins*. He was convicted and moved in arrest of judgment. The sessions suspended judgment for the purpose of taking the advice of this court. The indictment contains *four counts* : in the first it is charged that on the 1st April, 1831, the defendant was lawfully possessed of an indenture of mortgage, executed to him by David Shafer and Jane his wife, which is set forth in *hæc verba ;* it purports to be a mortgage bearing date the 14th June, 1830, executed by Shafer and wife to the defendant, whereby the mortgagors, for the consideration of $225,50, conveyed to the defendant 25 acres of land, described as being part of lot No. 21, situate in Dryden, in the county of Tompkins ; it is conditioned for the payment of $225,50, of which $45,10 was to be paid on the 1st April, 1831, and the residue in four equal annual instalments. It is averred, that on the mortgage to wit, on the 1st April, 1831, there was endorsed a certain receipt acknowledging the payment of $78 upon the mortgage, whereby it was alleged the mortgage was reduced and made less and diminished by the sum of $78 ; that the defendant being so possessed of the mortgage with intent to injure and defraud Shafer, (the mortgagor) then and there to wit, on, &c. at, &c., " feloniously did falsely forge and alter the said instrument in writing, commonly called a mortgage, *and the said receipt,* so endorsed thereon as aforesaid, by altering, tearing off, obliterating and de-

stroying the said receipt, so endorsed thereon as aforesaid, whereby a pecuniary demand and obligation against the said David Shafer purported and appeared to be increased and affected, and by which said false forging and altering, the said David Shafer might be and was affected, bound and injured in his person and property, against the form of the statute," &c. The *second count* charges the defendant with feloniously and falsely making, forging, altering and *counterfeiting the mortgage* set forth in the first count, with intent to injure and defraud Shafer the mortgagor ; whereby it was alleged a pecuniary demand and obligation against Shafer purported to be created, and the rights and property of Shafer to be affected, and by which felonious false making, forging, altering and counterfeiting, Shafer might be affected, bound and injured in his person and property, against the form of the statute, &c. The *third count* charges the defendant with feloniously *uttering* and publishing as true, a certain false, forged, altered and counterfeited mortgage, describing the instrument as in the first count, with intent to defraud Shafer, he the defendant well knowing the same to be forged, against the form of the statute, &c. The *fourth count* charges that the defendant was in possession of the mortgage, that $78 had been endorsed on the same as paid, that the mortgage had been feloniously altered, forged and counterfeited by erasing, tearing off, obliterating and destroying the receipt endorsed on the same, and " that the said receipt so endorsed upon the said mortgage, had then and there, to wit, on, &c. at, &c. been feloniously and falsely altered, erased, torn off, obliterated and destroyed by some person to the jurors unknown, whereby the said instrument of writing or mortgage, and the pecuniary obligation thereby imposed and created, was increased and purported to be increased by the said sum of seventy-eight dollars." That Wright, well knowing that the instrument of writing had been so feloniously and falsely forged, &c. by erasing, tearing off, obliterating, and destroying the said receipt, and that the said receipt had been so feloniously and falsely altered, erased, torn off, obliterated and destroyed, then and there, to wit, on &c. did feloniously *alter* and publish as true, the said false, forged, altered and counterfeited instrument of writing, with

intent to defraud one Jacob M. McCormick, contrary to the form of the statute, &c.

*Greene C. Bronson,* (attorney general,) for the people. By the statute against *forgery,* 2 *R. S.* 670, § 22, it is enacted that every person who shall be convicted of having forged, counterfeited or falsely altered *any deed or other instrument,* being or purporting to be the act of another, by which any right or interest in *real property* shall be, or purport to be in any way charged or affected with intent to defraud, shall be adjudged guilty of forgery in the *first degree;* and by the 33d section of the same act, it is enacted, that any person who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit any instrument or writing, being or purporting to be *the act of another,* by which any *pecuniary demand or obligation* shall be or purport to be created, increased, discharged or diminished, or by which any right or property whatever shall be or purport to be transferred, conveyed, discharged, diminished or in any way affected, and by which false making, forging, altering or counterfeiting any person may be affected, bound or in any way injured in his person or property, upon conviction thereof, shall be adjudged guilty of forgery in the *third degree.* The punishment for forgery is imprisonment in the state prison if convicted of the first degree, not less than *ten years;* if of the third degree, not exceeding *five years.* 2 *R. S.* 675, § 42. The indictment in this case is for the offence described in the 33d section; it is for the felonious destruction of the receipt or endorsement upon the mortgage, whereby a pecuniary demand or obligation against the mortgagor purported and appeared to be increased. The first count charges the alteration or forging of the *mortgage* as well as of the *receipt,* but the jury might convict of the lesser offence. 2 *R. S.* 702, § 27. An expunging of an endorsement of payment of part, on a note or other instrument for the payment of money is forgery. 1 *Stra.* 18. 2 *East's Crown Law,* 978.

*M. T. Reynolds,* for the defendant. The first count in the indictment is for forging and altering a mortgage *and* a receipt endorsed thereon. A mortgage creates no personal responsi-

NEW-YORK,
May, 1832.

The People
v.
Wright.

bility unless there be a covenant for the payment of the mort-gage monies, which is not alleged, 1 *R. S.* 738, § 139; 1 *Wendell,* 198; nor is it averred that any right or interest in *real property* was charged or affected by the alteration of the mortgage, it not being alleged that the mortgagor had any interest in the land mortgaged. 9 *Cowen,* 778. This count, therefore, as to the alteration of the *mortgage,* cannot be sustained under the 22d section of the act. Nor can it be sustained as to the alteration of the *receipt;* it is not alleged that a payment was made, and that the receipt was evidence of such payment. 9 *Cowen,* 781. Without such averment the receipt was a nullity; it might have been a mere memorandum endorsed by mistake. At all events, both offences being charged in the same count, and the verdict being general, the court cannot know of which the defendant is convicted. 9 *Cowen,* 586. 1 *Chitty's Cr. L.* 169. 5 *T. R.* 623. *Cowp.* 682, 3. - The second count is bad in describing the mortgage as a pecuniary demand or obligation, which it is not, and wholly omits to allege that it charged or affected real property. If these objections are well taken, the third and fourth counts fall of course.

*By the Court,* NELSON, J. The prisoner is entitled on the motion in arrest to avail himself of every objection, either in substance or form, which could have been taken on a demurrer to the indictment; and the statute of jeofails or amendments is not applicable to criminal proceedings. 1 *Chit. Cr. L.* 358, 539, 40. 4 *Black. Comm.* 375. The first count is obviously framed upon the 33d section of the act against forgery, and I am of opinion that it is defective on various grounds. It in terms charges the prisoner with the forging of two distinct instruments, a mortgage and a receipt; and if the forging of either is an offence, the count is probably defective for duplicity. But the more serious difficulty is, that forging a mortgage comes within the 22d section of the act, and the degree of punishment is different from that annexed to the forging of a receipt, which comes within the 33d section; for that reason it would be impossible for the court, without making an arbitrary selection, to determine the judgment to be pro-

nounced. Again; as to the mortgage, I apprehend the court is entirely defective, by not setting forth sufficient to bring the offence within the 22d section. That section provides, that every person convicted of having forged, &c. any will, &c. or any deed or other instrument being or purporting to be the act of another, by which any right or interest in real property shall be, or purport to be transferred, conveyed, or in any way charged or affected with intent, &c. shall be punished. Now although the mortgage which is set out in *hæc verba*, purports to embrace a part of lot No. 21, in Dryden, yet for aught appearing in the indictment, there may not be such a lot or tract of land in existence; it may be wholly imaginary, and for that reason its existence ought to have been averred and proved upon the trial, in order to shew that the instrument purported to be a charge upon the land within the meaning of the section. If it was not, it was wholly inoperative. Neither is it alleged in the count that Shafer, the mortgagor, whom the prisoner intended to defraud, had any interest in the land the mortgage purported to affect; and if he had not, it is difficult to discover how he could be defrauded. 3 *Chit. Cr. L.* 1039. The 45 *Geo.* 3, 3 *Chitty*, 794, makes it felony to forge or alter any deed, will, &c. with the intent to defraud any person. In the 3*d vol. Chit. Cr. L. p.* 824, 5, 6, precedents are given in conformity to the principles above laid down. That the 22d section embraces the case of a forged mortgage is obvious, not only from the terms of it, but from the 2d and 3d subdivisions, which make the forging a certificate of the acknowledgment or proof of any instrument which by law may be recorded, with the intent to defraud, forgery in the first degree. It would be difficult to discover any reason for making a distinction between the forging of a certificate of the proof of a mortgage and of the mortgage itself. Whether the forging of a receipt for the payment of money made upon the mortgage and endorsed thereon, by destroying it, would be a *forgery of the mortgage,* is a question not necessary to be decided.

The second count charges simply a forgery of the mortgage, without noticing the receipt, and is subject to all the objections stated to the first count, so far as they relate exclusively to the mortgage. The 3d and forth counts charge the

NEW-YORK,
May, 1832.

uttering and publishing as true the mortgage, knowing it to be forged. These counts are founded upon the 37th section, 2 *R. S. p.* 674, which makes the publishing of any instrument as true, the forgery of which has before been declared to be punishable, (with the exception therein mentioned) knowing it to be forged, punishable in the fourth degree. The same objections exist to these counts which have been made to the others; the public prosecutor must set forth sufficient to shew that the mortgage was a forgery within the 22d section. If it is not a forgery, the uttering of it is no offence. It was said upon the argument that if the offence set forth in the two first counts of the indictment did not come within the 23d section, but within the 22d, then the court might give judgment under the latter section, and the 27th section, 2 *R. S,* 702, was referred to, as authorizing the court to do so. That section has no application to this case. Where the offence charged consists of different degrees, the jury may find the accused not guilty of the degree charged in the indictment, and may find him guilty of any inferior degree, or of an attempt to commit such offence, which is all that is contained in that section.

It is obvious that the errors of the pleader have grown out of a misapprehension of the *section* under which the offence should have been charged; the indictment is drawn under the 33d section, when the offence came within, and should have been charged under the 22d section. For these reasons we are satisfied that the judgment ought to be arrested, and so advise the court of general sessions.