### ROSEKRANS V. PEOPLE.

*Criminal law — Forgery — account against county with affidavit required by law subject of — Indictment — form of — duplicity in — description of offense.*

An indictment set forth in the first count that R. feloniously, etc., with intent to defraud the county of S., forged what purported to be a constable's account of one J. against said county, whereby said county might be bound or affected in property, etc. (and set forth the account); that he, in furtherance of his intention to defraud said county, falsely, etc., forged and counterfeited what purported to be an affidavit of J., and what purported to be a certificate of G., a justice of the peace, to said affidavit; that he feloniously presented said forged instruments to the board of supervisors of the county of S. for audit. The second count set forth and charged the making, forging and counterfeiting of the account, affidavit and certificate as one act; that R. feloniously presented the same to the board of supervisors of the county of S. for audit. A copy of the alleged forged instrument was also set forth. The third count contained a charge similar to that in the second, and relating to the same transaction. *Held*, on demurrer to the indictment, (1) that the account, with the affidavit of the claimant, constituting apparently a legal claim against the county of S., was clearly within the letter and spirit of the statute relating to forgery, and would sustain an indictment; (2) that the account, affidavit and certificate collectively, constituted but one instrument, and the act of forging them was one transaction; (3) that the first count of the indictment was double, within the rule, as charging the forging of each part of the instrument as a separate offense; and (4) that the second and third counts were not liable to the objection of duplicity.

An indictment which alleges that the defendant falsely made, forged and counterfeited an instrument within the statute, with intent to defraud, setting forth the instrument in *hæc verba* is a sufficient description of the circumstances to constitute the offense.

ERROR to the Saratoga county sessions to review a judgment rendered upon a demurrer to an indictment against the plaintiff in error, Charles Rosekrans. The indictment containing five counts

was for forgery in the third degree, for forging and counterfeiting an instrument in writing purporting to be an account of one Samuel Johnson, for alleged services as constable against the county of Saratoga, together with the affidavit and jurat thereto attached, including the certificate of the justice. The first, second and fourth counts of the indictment were as follows :

" COUNTY OF SARATOGA, *ss:*

" The jurors for the people of the State of New York, in and for the body of the county of Saratoga, being then and there sworn and charged upon their oath present :

" That Charles Rosekrans, late of the town of Clifton Park, in said county of Saratoga, on the 1st day of November, in the year of our Lord one thousand eight hundred and seventy-three, feloniously, with force and arms, at the town and county aforesaid, with intent to *defraud the said county of Saratoga,* did falsely make, forge and counterfeit, and cause and procure to be falsely made, forged and counterfeited, and willingly act and assist, in the false making, forging and counterfeiting, a certain instrument purporting to be the act of another, to wit : of one Samuel Johnson, and by which instrument a pecuniary demand for therein alleged constable services purported to be created against said county of Saratoga, and by which said false making, forging and counterfeiting, and causing, procuring to be falsely made, forged and counterfeited of said instrument, the said county of Saratoga might be bound and affected in property ; and which said instrument so as aforesaid feloniously and falsely made, forged and counterfeited, and caused and procured to be falsely made, forged, and counterfeited, by the said Charles Rosekrans, is in writing and is in substance and to the effect following, that is to say :

'SARATOGA COUNTY, DR.

To Samuel Johnson, for constable's services.'
(Items.)

" That said instrument being so made in manner and form as aforesaid, he, the said Charles Rosekrans, feloniously and in furtherance of his said intention to defraud the said county of Saratoga, did thereupon falsely make, forge and counterfeit, and cause and procure to be falsely made, forged and counterfeited and willingly act and assist in the false making, forging and counterfeiting a certain other instrument purporting to be the affidavit

of him, the said Samuel Johnson, verifying said foregoing named instrument, and did connect and subjoin thereto, to wit : said affidavit, a further instrument or writing, purporting to be a certificate of a justice of the peace, to wit: one Charles E. Gorsline, who is, and then was, a justice of the peace of the said county of Saratoga, residing at the town of Halfmoon therein, and being a competent officer to administer oaths and to take affidavits within said county of Saratoga, and which said affidavit, with the said falsely-made certificate so subjoined as aforesaid, purporting to be the official act of said justice of the peace, are in writing and in substance and to the effect following, that is to say :

'STATE OF NEW YORK, } ss :
　Saratoga County,

'Samuel Johnson, of said county, being duly sworn, says that the items of the annexed account, by him presented and claimed, are correct ; that such disbursements and services have in fact been made or rendered ; and that no part thereof has been paid or satisfied.

'SAMUEL JOHNSON.

Sworn to this 1st day of November, 1873, before me, }

'C. E. GORSLINE, *Justice of the Peace.*'

"And which said falsely made, forged and counterfeited instruments purporting to be such affidavit and said falsely made, forged and counterfeited certificate thereto subjoined, were by said Charles Rosekrans annexed to said falsely made, forged and counterfeited instrument for said alleged constable services, and which said falsely made, forged and counterfeited instruments so annexed as aforesaid, were so made and annexed by the said Charles Rosekrans with intent to defraud the said county of Saratoga, and by means whereof, the said county of Saratoga might be bound, and might thereby be affected in property ; and said several falsely made, forged and counterfeited instruments, and each and every one of them, so feloniously and falsely made, forged and counterfeited as aforesaid, were thereupon, to wit : on the 10th day of November, in the year of our Lord one thousand eight hundred and seventy-three, fraudulently and feloniously presented, and caused and procured to be presented for audit against said county of Saratoga to the board of supervisors of said county of Saratoga

by him, the said Charles Rosekrans, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

" The jurors aforesaid, upon their oath aforesaid, do further present, that Charles Rosekrans, late of the town of Clifton Park, in the county of Saratoga aforesaid, on the first day of November, in the year of our Lord one thousand eight hundred and seventy-three, feloniously with force and arms, at the town and county aforesaid, with intent to defraud the said county of Saratoga, did falsely make, forge and counterfeit, and cause and procure to be falsely made, forged and counterfeited, and willingly act and assist in the false making, forging and counterfeiting, a certain instrument purporting to be the act of one Samuel Johnson and of one Charles E. Gorsline, and by which instrument a pecuniary demand for therein alleged constable services purported to be created against the said county of Saratoga, and by which said false making, forging and counterfeiting, and causing and procuring to be falsely made, forged and counterfeited, of said instruments, the said county of Saratoga might be bound and affected in property ; and which said instrument so as aforesaid feloniously and falsely made, forged and counterfeited, and caused and procured to be falsely made, forged and counterfeited by the said Charles Rosekrans, is in writing, and is in substance and to the effect following, that is to say :

' SARATOGA COUNTY, DR.

' To Samuel Johson, for constable services. '
(Items.)

' STATE OF NEW YORK, } _ss_ :
    Saratoga County, . }

' Samuel Johnson, of said county, being duly sworn says, that the items of the annexed account by him presented and claimed are correct ; that such disbursements and services have in fact been made or rendered ; and that no part thereof has been paid or satisfied.

' SAMUEL JOHNSON.

Sworn to this 1st day of Novem- }
    ber, 1873, before me, }

' C. E. GORSLINE, _Justice of the Peace._'

"And which said falsely made, forged and counterfeited instruments so purporting to be the act of the said Samuel Johnson and the said Charles E. Gorsline, and by means whereof the said county of Saratoga might be bound and might thereby be affected in property, so feloniously and falsely made, forged and counterfeited as aforesaid, with intent to defraud the said county of Saratoga, was thereupon afterward, to wit : on the 10th day of November, in the year of our Lord one thousand eight hundred and seventy-three, fraudulently and feloniously presented and caused to be presented for audit against said county of Saratoga to the board of supervisors of the said county of Saratoga, by him, the said Charles Rosekrans, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

"And the jurors aforesaid, upon their oath aforesaid, do further present, that Charles Rosekrans, late of the town and county aforesaid, on the first day of November, in the year of our Lord one thousand eight hundred and seventy-three, at the town and county aforesaid, with force and arms, and with intent to defraud the said county of Saratoga, feloniously, falsely and fraudulently did make, forge and counterfeit, and did cause and procure to be so made, forged and counterfeited, a certain instrument purporting to be the act of one Samuel Johnson and one Charles E. Gorsline, and which said instrument is in writing, and is in substance and to the effect following, that is to say : (Here follows the account and affidavit in full.) Against the peace of the people of the State of New York and their dignity."

The demurrer was to the whole indictment and to each of the counts therein. Judgment was given for the people upon the demurrer to the whole indictment and upon the first four counts, and for the defendant on the fifth count.

*L. Tremain,* for plaintiff in error.

*H. Smith,* for defendants in error.

COUNTRYMAN, J. The first objection raised by the demurrer presents the question, whether the indictment contains a criminal offense. It is insisted that the crime of forgery cannot be predicated upon the instrument, a copy of which is set forth in each

count of the indictment. The statute provides that "every person who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit * * any instrument or writing, being, or purporting to be, the act of another, by which any pecuniary demand or obligation shall be, or shall purport to be created, increased, discharged or diminished * * by which false making, forging, altering or counterfeiting, any person may be affected, bound or in any way injured in his person or property, upon conviction thereof shall be adjudged guilty of forgery in the third degree." 2 R. S. 673, § 33. By another provision it is declared that it "shall be sufficient if the intent be to defraud * * any county, city, town or village * * or any person whatever." 2 R. S. 675, § 46. We think these provisions are sufficiently comprehensive to include the instrument in question. It is a writing purporting to be the act of another, by which a pecuniary demand purported to be created and by which another might have been affected, and it is alleged that it was falsely made, forged and counterfeited by the defendant with intent to defraud the county of Saratoga. The revisers in their note to the first section above cited state that it was intended "to reach every case of forgery that ever has been committed, or that ever can be committed," not otherwise specially provided for, and their complete success in the expression of their intention has since been repeatedly affirmed by the courts. *Noakes* v. *People,* 25 N. Y. 380, 384; *People* v. *Stearns,* 23 Wend. 634, 637.

Section 45 (2. R. S. 675) does not limit the meaning of the provisions in the previous sections, nor was it intended as a general definition of the document described as an "instrument or writing," but was merely enacted to remove all doubts in regard to the special cases therein mentioned, so that "every instrument partly printed and partly written, or wholly printed with a written signature thereto," should be included. Nor was it essential that a legal liability or obligation should have been created by the instrument upon which an action could be maintained. It was sufficient that it purported to create a pecuniary demand by which another might be affected or injured. If the instrument was complete in itself, and sufficient on its face to have induced an acceptance and allowance of the account by the board of supervisors, so that it might have produced injustice if the fraud had not been detected, it was the subject of forgery under the statute. *People* v. *Stearns,*

21 Wend. 409, 414; *People* v. *Krummer*, 4 Park. 217. Now this document purports to be a formal bill or statement of an account on the part of a public officer for services against the county of Saratoga, setting forth the items in detail, with an affidavit of the claimant as required by law, constituting apparently a legal claim in proper form to be audited and paid. It is clearly within the letter and spirit of the statute, and would have been sufficient as the foundation of an indictment at common law.

The next objection is of a more special character and relates to each of the counts separately, as bad for duplicity. It is insisted for the defense that the bill or account, signature to the affidavit, and signature to the jurat or certificate, are different instruments or writings within the meaning of the statute, and hence that the forgery of each of them is a distinct offense, so that they cannot properly be united in the same count. The general rule is familiar that two or more separate criminal offenses cannot be joined in one count. The public prosecutor may, however, allege in the indictment, several felonious acts, which in themselves separately considered, are distinct offenses, so far as they are essential portions of one continuous transaction, or connected charge, and collectively constitute but one offense; and may set forth in different counts, various versions of the same charge or transaction, alleging different grades or degrees of the principal offense, provided as thus alleged they may all be merged in one, and do not necessarily constitute different and distinct offenses. But each count should contain only one version of one offense, or of one degree of the principal offense, and should be complete in itself and unconnected with the others for any purpose except perhaps special references to particular allegations to avoid unnecessary repetition. And it is never permissible to allege in one and the same count, facts which constitute separate and distinct offenses, created by different statutes and requiring different degrees of punishment. 1 Bishop's Crim. Proc., §§ 432, 439, 449 and note; *Reed* v. *People*, 1 Park. 481; *People* v. *Wright*, 9 Wend. 193; *People* v. *Rynders*, 12 id. 426; *Nelson* v. *People*, 23 N. Y. 293, 297.

It is, however, a misapprehension of the legal effect of the document set out in the indictment, to call the account and the signatures to the affidavit and jurat three separate instruments, as they were all essential to the completion of the account, before it could be properly presented to the board of supervisors (Laws of 1847,

ch. 490, § 24) and all of them, therefore, constituted but one instrument. Unless the affidavit had been attached, the account itself would not have been a legal instrument on its face, and the crime of forgery in reference to it could not have been committed. *Vincent* v. *People*, 15 Abb. 234; *People* v. *Harrison*, 8 Barb. 560; *People* v. *Galloway*, 17 Wend. 540. And as the forgery of the account, and the signatures to the affidavit and certificate must be sustained under the same section of the statute, this disposes of the objection of duplicity as to them, if they were all made at one time and as one act or transaction. But the first count alleges each of these parts of the paper separately as different instruments, and each act of forgery as distinct and independent, and although it fails to make a proper allegation of the forgery of the signatures to the certificate against the defendant, it must be regarded as double within the rule. The second and third counts on the contrary, allege the forgery of the whole paper as one instrument, and as one act or transaction, and are not, therefore, obnoxious to this objection. There is no force in the suggestion, that the alleged forgery is of the joint act of Johnson and Gorsline, whereas, their signatures purport to be attached separately to the affidavit and jurat annexed to the account, as the allegation is that the entire instrument was forged, and each of the signatures are attached to, and form a part of, the instrument. It is proper to allege in the same count an offense committed upon two or more persons when it was the result of a single act, or was all one transaction. 1 Bishop's Crim. Proc., § 437, and cases cited.

But it is also insisted that the second and third counts are bad for duplicity as well as the first, because the distinct offense of uttering the instrument is joined with the offense of forging the same. It is a sufficient answer to this suggestion that if the pleader intended to charge such an offense, which is not apparent, he utterly failed. It is alleged in each of these counts, after averring the forgery of the instrument, that the defendant " feloniously presented, and caused it to be presented for audit against the county of Saratoga." There is no allegation that he " uttered and published it as true," which is essential both at common law and under the statute. In order to render the counts objectionable, they must describe two offenses in adequate terms. Otherwise, the additional allegations will be regarded as surplusage. 1 Bishop's Crim. Proc., § 440 ; *Dawson* v. *People*, 25 N. Y. 399, 402.

The fourth count is clearly good within all the authorities. An indictment which alleges that the defendant falsely made, forged and counterfeited an instrument within the statute, with intent to defraud, setting forth the instrument *in hæc verba*, is a sufficient description of the circumstances to constitute the offense. *Holmes* v. *People*, 15 Abb. 154 ; *People* v. *Rynders*, 12 Wend. 425 ; *People* v. *Clements*, 26 N. Y. 193.

Judgment must, therefore, be ordered for the defendant on the first count, and for the people on the second, third and fourth counts, and the judgment below on the indictment must be affirmed with leave to the defendant to plead if he shall be so advised.

*Judgment accordingly.*