## THE HOMESTEAD.

(District Court, S. D. New York. July 3, 1925.)

**I. Intoxicating liquors ⊙⊃250—Forfeiture under Volstead Act not properly pleaded, without alleging arrest and conviction of person in charge of vessel.**

Cause of forfeiture under Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), for transportation of intoxicating liquors, set up in libel, is not properly pleaded, in absence of allegation of arrest and conviction of person in charge of liquors and vessel.

**2. Customs duties ⊙⊃133—Cause of forfeiture under Tariff Act properly pleaded.**

Libel under Tariff Act, § 585 (Comp. St. Ann. Supp. 1923, § 5841h4), alleging arrival of ship from foreign port within collection district of state, and unloading intoxicating liquor within district without making report or entry, *held* sufficient, without alleging from what foreign port the vessel arrived.

**3. Customs duties ⊙⊃133—Cause of forfeiture for violation of Tariff Act must allege unloading within 4 leagues of coast.**

Cause of forfeiture for violation of Tariff Act, § 586 (Comp. St. Ann. Supp. 1923, § 5841h5), set up in libel, is improperly pleaded, in absence of allegation that master allowed merchandise to be unloaded within 4 leagues of coast.

**4. Customs duties ⊙⊃133—Cause of forfeiture for concealment of merchandise must allege concealment at place to which United States laws are applicable.**

Cause of forfeiture, under Rev. St. § 3450 (Comp. St. § 6352), for concealment of merchandise with intent to defraud United States of a tax, set up in libel, is improperly pleaded, in absence of allegation that concealment on ship was at place where laws of United States are applicable.

**5. Admiralty ⊙⊃60—Libel to recover ship for importing liquor in violation of contract of terms of sale held sufficient; "import."**

Libel for recovery of ship for importing liquor in violation of agreement of sale of ship by United States Shipping Board *held* sufficient, though cargo was shown to have been discharged into small boats; "import," within covenant for sale, being broad enough to cover employment of vessel in importation of spirituous liquors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Import—Importation.]

**6. Customs duties ⊙⊃126—Intoxicating liquors ⊙⊃246—Seizure of ship on open seas not shown invalid.**

Seizure of ship upon the open seas, 25 nautical miles off Montauk Lighthouse, 7 months after alleged offenses against the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and Tariff Act, *held* not shown to be invalid, in absence of any allegation that ship was foreign vessel.

In Admiralty. Libel by the United States against the steamship Homestead; Mark L. Gilbert, claimant. On exceptions to libel. Exceptions sustained in part, and overruled in part.

Hatch & Wolfe, of New York City, for exceptions.

Emory R. Buckner, U. S. Atty., of New York City (Francis A. McGurk, Asst. U. S. Atty., of New York City, of counsel), opposed.

AUGUSTUS N. HAND, District Judge. [1-3] The first cause of forfeiture pleaded is under the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and under section 585 of the Tariff Act of September 21, 1922 (Comp. St. Ann. Supp. 1923, § 5841h4). Under my ruling in The Sagatind (D. C.) 4 F.(2d) 928, the cause of forfeiture under the Volstead Act for transportation of intoxicating liquors is not properly pleaded, because there is no allegation of the arrest of the person in charge of the liquors and vessel, and his conviction. The forfeiture under section 585 of the Tariff Act is, however, properly pleaded. I do not think it important to allege from what foreign port the vessel arrived. The allegation is made that the Homestead arrived from a foreign port within the collection district of Rhode Island, and that 5,000 cases of intoxicating liquor were unloaded within the collection district, without making report or entry. The first exception is sustained so far as it relates to a cause of action for forfeiture under the Volstead Act, and overruled so far as it relates to a cause of action for forfeiture under section 585 of the Tariff Act. So far as it relates to a cause of action under section 586 of the Tariff Act (Comp. St. Ann. Supp. 1923, § 5841h5), the first exception must be sustained, because there is no allegation that the master allowed merchandise to be unloaded from the vessel within 4 leagues of the coast of the United States. Accordingly the second cause for forfeiture is badly pleaded, and cannot stand unless amended.

[4] The third cause of action for forfeiture is under section 3450 of the Revised Statutes (Comp. St. § 6352), and relates to concealment of merchandise upon the Homestead with intent to defraud the United States of a tax. There is no allegation in the third cause of action for forfeiture that the concealment on board the Homestead was at any place to which the laws of the United States are applicable. Under my ruling in

The Sagatind, supra, the second exception must therefore be sustained, and the third cause of action for forfeiture dismissed, unless it be amended.

[5] The fourth cause of action for forfeiture is based upon a clause in the agreement of sale of the Homestead (a vessel which formerly belonged to the United States Shipping Board), which is as follows:

"The undersigned purchaser and/or transferee of the said vessel hereby covenants for himself and/or itself, his, or its heirs, executors, administrators, assigns, and/or successors, with the undersigned seller and/or transferror, for the use and benefit of the United States of America (represented by the United States Shipping Board), and with the United States Shipping Board for the use and benefit of the United States of America, that, if the permissions hereby requested are granted, in consideration thereof the said vessel shall not be used for the importation into or exportation from the United States of America of any spirituous, vinous, malted, fermented, or other intoxicating liquors of any kind, or of any articles, property, goods, wares, or merchandise, in violation of the laws of the United States; that this covenant shall run with the title to the said vessel for the further guaranty of the strict performance of this covenant; that upon any breach of this covenant the permission granted by the United States Shipping Board upon this application for the sale and/or transfer of the said vessel to the purchaser and/or transferee and for the transfer of the said vessel from the registry of the United States to Panamanian registry, shall thereupon be and become null and void and without effect; and in the event of the happening of such breach said vessel shall thereupon be immediately subject to seizure, libel, and forfeiture to the United States of America whenever and wherever found, without compensation to any person therefor.

"That the said vessel shall not be used for the importation into or exportation from the United States of America of any spirituous, vinous, malted, fermented, or other intoxicating liquors of any kind, or of any articles, property, goods, wares, or merchandise, in violation of the laws of the United States; that this condition shall run with the title to the said vessel for the further guaranty of the strict performance hereof; that upon any breach of this condition by the purchaser and/or transferee of said vessel or his, their, or its successors in interest, the permission hereby granted shall be and become null and void and without effect, and thereupon said vessel shall be immediately subject to seizure, libel, and forfeiture to the United States of America wherever and whenever found, with compensation to any person therefor.

"That the bill of sale of said vessel issued on or subject to the date of this order and under the provisions hereof shall refer to and make the foregoing application and this order and all covenants, conditions, and provisions of said application and this order a part of said bill of sale as fully as if copied therein in full."

The foregoing clause is set forth in the fourth cause of action and the libel thereafter proceeds to allege that the Homestead, "in the months of June and July, 1924, at and near Block Island and/or Rhode Island and/or Connecticut and/or Massachusetts, by means of small boats acting in concert with said vessel, did import into the United States of America spirituous, vinous, malted, fermented, and other intoxicating liquors in violation of the laws of the United States, and in violation of the covenants and conditions of the application to, and the order of, the United States Shipping Board hereinbefore referred to."

The third exception is taken on the ground that the fourth cause of action fails to allege that the steamship Homestead imported into the United States intoxicating liquors. In my opinion the position of the claimant in this respect is not sound. It may well be that within the prohibition of the statutes an unloading from the Homestead into contract boats is not an importation by the Homestead, where the latter is outside of the 4 league limit. This is not because the Homestead might not in fact "import" merchandise without coming up to a pier or within the limits of a collection district, but because the laws of the United States have generally not been so enacted as to apply generally to vessels hovering on our coast. The 4-league provision of section 586 of the Tariff Act of September 21, 1922, seems to provide a statutory extension of the field within which offenses may be deemed to be committed against our laws—a field which, under general rules of international law, would extend only the distance of a marine league from our coast.

In my opinion the word "import" in the covenant for the sale of the Homestead was broad enough to cover the employment of that vessel in the importation of spirituous

liquors into the United States. If the covenant be so construed, the fourth cause of action is good, not strictly as one for forfeiture, but for recovery of the possession of a vessel, the title to which has been revested in the United States by the terms of the contract of sale. In other words, the pleading is good as a possessory libel. The third exception is therefore overruled.

[6] The fourth and last exception relates to all causes of action pleaded, and is based upon the alleged invalidity of the seizure of the Homestead on the 5th day of February, 1925, "upon the open sea 25 nautical miles off Montauk Lighthouse, New York." The offenses set forth in the first, second, and third causes of forfeiture were committed in June and July, 1924, and she was seized 7 months later.

The decisions hold that a seizure on the high seas of a foreign vessel for violation of a municipal law is invalid. The Antelope, 10 Wheat. 66, 6 L. Ed. 268; Le Louis, 2 Dodson (Adm. Cas.) 210. It is held, however, that such seizure is so far valid if the vessel belongs to the nationality of the captor that it may be libeled for violation of its laws when brought within the jurisdiction of its courts. The Richmond, 9 Cranch, 102, 3 L. Ed. 670; In re Johnson, 167 U. S. 120, 17 S. Ct. 735, 42 L. Ed. 103.

There is no allegation in the libel that the Homestead is a foreign vessel, so that I can see no reason why the doctrine of The Richmond, supra, should not apply. Indeed, it merely appears that she was a United States Shipping Board vessel sold to a foreigner under an agreement that she might be placed under Panamanian registry. It is not alleged that this was done, or even who is her present owner. If she be such a vessel, I regard the seizure as invalid. The remarks of Mr. Justice Livingston in Hudson v. Guestier, 6 Cranch at page 284 (3 L. Ed. 224), are not controlling. Wheaton Elements of International Law (8th Ed.) p. 260, note. The only point necessarily decided in that case was whether the decision of a French court, which had held valid a seizure proved in our courts to have been made 6 miles from shore, could be reviewed here. The majority of the court, Chief Justice Marshall dissenting, held that the French decree of condemnation had to be considered as settling the facts involved. Mr. Justice Livingston said: " * * * Although it be now. stated, as a reason why we should examine whether a jurisdiction was rightfully exercised over the Sea Flower, that she was captured more than two leagues at sea, who can say that this very allegation, * * * may not have been urged before the French Court, and the fact decided in the negative."

The North, 37 Canada Supreme Court Reports 385, decided by the Supreme Court of Canada, did not hold that a vessel which has violated the Canadian laws when within the jurisdiction of the Dominion might be seized on the high seas and brought into an admiralty court for condemnation unless the seizure was the result of a pursuit of the vessel when she was found committing depredation within the territorial jurisdiction and attempted to escape. Such a ruling would have been contrary to the settled doctrine of the English Courts laid down by Sir William Scott in Le Louis, 2 Dodson (Adm. Cas.) 210. Seizure of foreign vessels when thus pursued is justified by well-known doctrines of International Law. Woolsey Introduction to the Study of International Law (6th Ed.) § 212. Nor is the case of United States v. Bengochea (C. C. A.) 279 F. 537, relevant to the question of a seizure 25 miles from the coast. The matter there involved was the validity of the 4-league hovering statute.

As no treaty extending the right of search and seizure appears to be applicable to this case, and no allegation in the libel that the Homestead is a foreign vessel, the fourth exception is overruled.

Settle order on notice.